**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| INEZ TUTTLE, | ) | 3:13-cv-00373-HDM-WGC |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| STEWART TITLE OF NEVADA HOLDING, STEWART TITLE COMPANY, | ) | |
| Defendant. | ) | |

Plaintiff filed her complaint in this action on May 14, 2013. Plaintiff's complaint seeks to set aside the nonjudicial foreclosure sale of 628 Don Drive, Zephyr Cove, Nevada, a property in which plaintiff and her husband owned a 73% interest. On July 12, 2013, defendants removed plaintiff's complaint to this court. From the record in this action and judicially noticeable documents available on the public record, it appears that a quiet title action with respect to 628 Don Drive, Zephyr Cove, Nevada was filed in state court after plaintiff filed her complaint in state court but before the complaint was removed to this court. (*See* Doc. #24; Ord. Expunging Lis Pendens, Case No. 13-cv-0148, in Ninth Judicial District Court for the State of Nevada, *available at* http://rdb.co.douglas.nv.us/docsearch/docs/832708.pdf).

1

    Because plaintiff's action seeks to set aside the foreclosure sale of 628 Don Drive, it might be considered an action *in rem* or *quasi in rem* under Nevada law.  *See Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1059 (9th Cir. 2011); *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103 (Nev. 2013).  If this action is *in rem* or *quasi in rem*, the court cannot proceed so long as Case No. 13-cv-0148 remains pending in Ninth Judicial District court.  *See Azucena v. Aztec Foreclosure Corp.*, 2013 WL 3972385 (9th Cir. Aug. 5, 2013).  Accordingly, on or before December 27, 2013, the parties shall advise the court as to whether Case No. 13-cv-0148 remains pending in the Ninth Judicial District Court, and whether, to the extent known, any other still pending state court *in rem* or *quasi in rem* actions were filed with respect to 628 Don Drive before this action was removed.  Should any such actions remain pending, the parties shall further brief, on or before December 27, 2013, whether plaintiff's complaint in this action should be considered an action *in personam*, or whether it should be considered an action *in rem* or *quasi in rem*.

    IT IS SO ORDERED.

    DATED: This 12th day of December, 2013.

                    */s/ Howard D. McKibben*
                     UNITED STATES DISTRICT JUDGE