**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| INEZ TUTTLE, | ) | 3:13-cv-00373-HDM-WGC |
| Plaintiff, | ) ) ) | ORDER |
| vs. | ) ) | |
| STEWART TITLE OF NEVADA HOLDING, STEWART TITLE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

Before the court is plaintiff's motion to amend her complaint (#22). Defendant has opposed (#24). Plaintiff has not replied.

Under Federal Rule of Civil Procedure 15(a)(2), "the court should freely give leave [to amend] when justice so requires." However, leave to amend "is not to be granted automatically." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). The court "considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Id.* (internal punctuation omitted). After weighing these factors, and considering plaintiff's *pro se* status and the court's duty to liberally construe her pleadings, the court

1

1 concludes that the amendment should be allowed.  The court notes
2 that while plaintiff's action to set aside the foreclosure may very
3 well be time barred, that is a matter more appropriately addressed
4 in a motion to dismiss the amended complaint, especially given that
5 defendant's argument regarding the notice of lis pendens was not
6 raised until its reply.

7 The record indicates that two of the five new defendants may
8 reside in California.  (*See* Pl. Am. Compl. 9 ("The Defendants
9 Trussell lives [sic] in Palmdale California.").  As plaintiff also
10 appears to be a citizen of California, the addition of these
11 defendants could destroy this court's diversity jurisdiction if
12 those defendants are considered citizens of California.  A

> natural person's state citizenship is . . .
> determined by her state of domicile, not her
> state of residence.  A person's domicile is her
> permanent home, where she resides with the
> intention to remain or to which she intends to
> return.  A person residing in a given state is
> not necessarily domiciled there, and thus is
> not necessarily a citizen of that state. *See,
> e.g.*, Weible v. United States, 244 F.2d 158,
> 163 (9th Cir.1957) ("Residence is physical,
> whereas domicile is generally a compound of
> physical presence plus an intention to make a
> certain definite place one's permanent abode,
> though, to be sure, domicile often hangs on the
> slender thread of intent alone, as for instance
> where one is a wanderer over the earth.
> Residence is not an immutable condition of
> domicile.").

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)
(internal citations omitted).  The plaintiff is therefore ordered
to advise the court of the state of citizenship of each of the
newly named defendants, as well as her own, on or before January
14, 2013.

In accordance with the foregoing, the plaintiff's motion to

2

amend her complaint (#22) is **GRANTED**.  The clerk of the court shall detach and separately file the proposed amended complaint attached to the plaintiff's motion (#22).  Plaintiff shall advise the court in accordance with this order on or before January 14, 2014.

IT IS SO ORDERED.

DATED: This 31st day of December, 2013.

_____
UNITED STATES DISTRICT JUDGE

3